People v Barrow (2023 NY Slip Op 50976(U))

[*1]

People v Barrow (Muhammed)

2023 NY Slip Op 50976(U)

Decided on September 18, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 18, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570750/15

The People of the State of New York, Respondent,
against
Muhammed Barrow, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Guy H. Mitchell, J., at plea; Laurie Peterson, J., at sentencing), rendered June 9, 2015, convicting him, upon his plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Guy H. Mitchell, J., at plea; Laurie Peterson, J., at sentencing), rendered June 9, 2015, affirmed.
By pleading guilty, defendant forfeited his claim that the court did not properly convert the felony complaint into a misdemeanor complaint pursuant to CPL 180.50(3)(a)(iii) (see People v Hunter, 5 NY3d 750, 751 [2005]; People v Pereira, 78 Misc 3d 130[A], 2023 NY Slip Op 50319[U] [App Term, 1st Dept 2023], lv denied 40 NY3d 930 [2023]; People v Stovall, 61 Misc 3d 127[A], 2018 NY Slip Op 51338[U] [App Term, 1st Dept 2018]), lv denied 32 NY3d 1115 [2018], and such claim is, in any event, both unpreserved and without merit. Even were we to accept this claim, the proper remedy would be to remand for further proceedings on the felony complaint (see People v Spooner, 22 Misc 3d 136[A], 2008 NY Slip Op 52664[U] [App Term, 2nd Dept, 9th & 10th Jud Dists 2008]), and defendant specifically declines such relief. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 18, 2023